UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|                        |   |                              |
|------------------------|---|------------------------------|
| KEVIN P. MAHONEY,      | ) |                              |
|                        | ) |                              |
| Plaintiff,             | ) |                              |
| v.                     | ) | Civil Action No. 13-0516 (RCL) |
|                        | ) |                              |
| BUREAU OF PRISONS,     | ) |                              |
|                        | ) |                              |
| Defendant.             | ) |                              |

## MEMORANDUM OPINION

This matter is before the Court on defendant's Motion to Dismiss [ECF No. 17]. For the reasons discussed below, the Court will grant the motion and dismiss this action.[1]

## I. BACKGROUND

"Bureau of Prisons (BOP] institutions are classified into one of five security levels: **MINIMUM, LOW, MEDIUM, HIGH**, and **ADMINISTRATIVE**." Program Statement 5100.08, Inmate Security Designation and Custody Classification (9/12/2006), ch. 1, p. 1 (bold type in original). The term "security level" describes:

> the structural variables and inmate-to-staff ratio provided at the various types of [BOP] institutions (i.e., Minimum, Low, Medium, High). It also identifies the institution type required to house inmates based on their histories, institutional adjustment, and Public Safety Factors as well as the physical security of the institution to include mobile patrols, gun towers, perimeter barriers, housing, detection devices, inmate-to-staff ratio, and internal security

---

[1] Plaintiff's Motion for Hearing [ECF No. 26] will be denied as moot.

1

*Id.*, ch. 2, p. 5. The term "custody classification" refers to "[t]he review process to assign a custody level based on an inmate's criminal history, instant offense, and institutional adjustment." *Id.*, ch. 2, p.2. "A Management Variable [MGTV] is required when placement has been made and/or maintained at an institution level inconsistent with the inmate's scored security level." *Id.*, ch. 5, p. 1. If, for example, "an inmate represents a greater security risk (i.e., pending charges, detainer, escape risk, etc.) than [his] assigned security level, [he] may be placed in an institution outside normal guidelines," and the Greater Security MGTV (code V) applies. *Id.*, ch. 5, p. 5.

Plaintiff "is serving a 60 months sentence for Corruptly Endeavoring to Obstruct and Impede the Due Administration of the [Internal Revenue Service], Criminal Contempt, and Filing of False Tax Return." Mem. of P. & A. in Support of Mot. to Dismiss of Resp't Bureau of Prisons ("Def.'s Mem."), Second Decl. of Carolyn Lamphear ("Second Lamphear Decl.") ¶ 4.[2] As of May 18, 2012, the BOP designated plaintiff to the Federal Correctional Institution in Loretto, Pennsylvania:

> [Plaintiff has been] classified as a Minimum security level inmate with a Management Security Level of Low. The Designation and Sentence Computation Center reviewed [his] case and determined [that he] require[s] more security than [is] available at a minimum institution. As such, a Greater Security MGTV was applied during the initial designation process with a November 3, 2013, expiration date. [His] Male Custody Classification form was updated to accurately reflect no history of escape on November 28, 2012. However, [the BOP found that] the MGTV was applied in

---

[2] The Court summarily rejects plaintiff's challenge, *see, e.g.*, Aff. Showing Good Cause for Limited Discovery Allowance and Hearing [ECF No. 21] at 5, to the validity of the BOP's supporting declaration. The declaration is executed "under penalty of perjury" that the assertions therein are "true and correct to the best of [the declarant's] knowledge," Second Lanphear Decl. at 2, and "the use in federal proceedings of unsworn declarations given under penalty of perjury in lieu of affidavits" is "specifically authorize[d]" under 28 U.S.C. § 1746, *Thomas v. U.S. Dep't of Energy*, 719 F.2d 342, 344 n. 3 (10th Cir. 1983).

>compliance with policy and [that he was] appropriately housed at FCI Loretto.

Second Lamphear Decl., Ex. C (Regional Administrative Remedy Appeal, Part B - Response, dated December 19, 2012). "Prison staff updated [p]laintiff's custody classification on November 15, 2013, and determined that [he] should remain at FCI Loretto." *Id.* ¶ 6.[3] The MGTV "has been applied to maintain [p]laintiff at a Low security prison, and has an expiration date of October 28, 2015." *Id.* ¶ 6.

Plaintiff alleges that the BOP has designated him to "FCI Loretto as a result of a classification status under a 'Threat Management Variable', 'MGTV], due to . . . information in the Presentencing Report . . . alleging [his] being a 'member' of a sovereign citizen movement." Compl. ¶ 5.[4] This erroneous information allegedly comes from "some unidentified entity or person within the [Federal Bureau of Investigation]" who "paints [plaintiff] as a member of some so called organization called sovereign citizens." *Id.* ¶ 19; *see generally id.*, Ex. C-1 (excerpt from transcript of sentencing proceedings). Plaintiff contends that "there is no credible evidence whatsoever that [he] is a member of any such group [and the alleged] group poses [no] physical threat to anyone within or without the BOP." *Id.* ¶ 20. Thus, he asserts, the BOP not only maintains inaccurate records pertaining to him, but also "employ[s these records] to [his] detriment," *id.* ¶ 26, by, for example, causing him to "suffer harsher confinement conditions, [to lose] access to programs and [to experience] invidious discrimination," *id.* ¶ 14. He demands an order directing "the BOP to cease and desist from using . . . the inaccurate information for custody, security program or placement purposes," "to re-score [him] for custody-security

---

[3] Plaintiff notified the Court [ECF No. 27] that he since has been transferred to the Federal Correctional Institution in Danbury, Connecticut.

[4] Plaintiff's Petition for Writ of Habeas Corpus, Petition for Writ of Mandamus, or in the Alternative, Petition for Review [ECF No. 1] is construed as a civil complaint ("Compl.") against the Federal Bureau of Prisons under the Privacy Act, *see* 5 U.S.C. § 552a.

classification purposes," and "to remove the MGTV predicated on the inaccurate information or other unsubstantiated . . . allegations or non-convictions." *Id.* at 6.

## II. DISCUSSION

The BOP moves to dismiss on the ground that the complaint fails to state a Privacy Act claim. *See* Def.'s Mem. at 1, 3-5. It argues that plaintiff "has no civil remedy under the statute to demand amendment of the records or actions that would reflect an amendment of the records." *Id.* at 3. Plaintiff's purported opposition either deems the BOP's motion "scandalous and immaterial," Pl.'s Mot. for Consolidation Application for Joinder and to Strike Def.'s Mot. to Dismiss as Merely Citing a Necessary Party's Absence Which Is Hereby Cured [ECF No. 18] at 2, or strays so far from the substance of the motion, *see generally* Aff. Showing Good Cause for Limited Discovery Allowance and Hearing [ECF No. 21], that the Court may treat defendant's arguments as conceded, *see Hopkins v. General Bd. of Global Ministries*, 284 F. Supp. 2d 15, 25 (D.D.C. 2003) ("It is well understood in this Circuit that when a plaintiff files an opposition to a dispositive motion and addresses only certain arguments raised by the defendant, a court may treat those arguments that the plaintiff failed to address as conceded."), *aff'd*, 98 F. App'x 8 (D.C. Cir. 2004). Nevertheless, given plaintiff's *pro se* status, the Court addresses defendant's motion on its merits.

"The Privacy Act regulates the collection, maintenance, use, and dissemination of information about individuals by federal agencies." *Wilson v. Libby*, 535 F.3d 697, 707 (D.C. Cir. 2008) (internal quotation marks and citations omitted). Subsection (e)(5) of the Privacy Act requires that an agency "maintain all records which are used by the agency in making any determination about any individual with such accuracy, relevance, timeliness, and completeness

4

as to assure fairness to the individual in the determination." 5 U.S.C. § 552a(e)(5). An individual may request access to and amendment of an agency's records or information in a system of records pertaining to him. *See id.* § 552a(d). That individual may file a civil action against an agency which "makes a determination . . . not to amend an individual's record in accordance with his request," *id.* § 552a(g)(1)(A), or if the agency:

> fails to maintain any record concerning [him] with such accuracy, relevance, timeliness, and completeness as is necessary to assure fairness in any determination relating to the qualifications, character, rights, or opportunities of, or benefits to [him] that may be made on the basis of such record, and consequently a determination is made which is adverse to [him].

*Id.* § 552a(g)(1)(C).[3]

An agency head may promulgate regulations to exempt any system of records within the agency from certain provisions of the Privacy Act if the system is:

> maintained by an agency or component thereof which performs as its principal function any activity pertaining to the enforcement of criminal laws, including . . . correctional, probation, pardon, or parole authorities, and which consists of . . . reports identifiable to an individual compiled at any stage of the process of enforcement of the criminal laws from arrest or indictment through release from supervision.

5 U.S.C. § 552a(j)(2). By regulation, the BOP's Inmate Central Records System (JUSTICE/BOP-005) is exempt from subsections (d) and (g) of the Privacy Act. *See* 28 C.F.R. § 16.97(a)(1), (4).

---

[3] The variation in language between subsections (e)(5) and (g)(1)(C) of the Privacy Act is "of no substantive significance." *Doe v. United States*, 821 F.2d 694, 698 n.10 (D.C. Cir. 1987) (en banc).

An inmate's presentence investigation report and custody classification form are maintained in his Inmate Central File. *See* BOP Program Statement 5800.11, Inmate Central File, Privacy Folder and Parole Mini-Files (12/31/1997) at 5, 7. Consequently, insofar as plaintiff demands amendment of his custody classification form or any information contained therein, such relief is simply unavailable because his Inmate Central File is maintained in a system of records that is exempt from the Privacy Act's amendment provision. *See White v. U.S. Prob. Office*, 148 F.3d 1124, 1125 (D.C. Cir. 1998) (per curiam) ("[P]resentence reports and BOP inmate records systems are exempt from the amendment provisions of the [Privacy] Act," and, therefore, the appellant "is barred from seeking amendment of his presentence report"); *Meyer v. Fed. Bureau of Prisons*, 940 F. Supp. 9, 13-14 (D.D.C. 1996) (granting summary judgment for BOP on claim for amendment of custody classification form maintained in an exempt system of records).

In addition, the BOP's Inmate Central Records System is exempt from subsection (e)(5) of the Privacy Act. *See* 28 C.F.R. § 16.97(j); *see also Skinner v. U.S. Dep't of Justice*, 584 F.3d 1093, 1096 (D.C. Cir. 2009), *cert. denied*, 131 S. Ct. 72 (2010). Information in plaintiff's Inmate Central File is not subject to the substantive provision regarding the agency's recordkeeping obligations, *see* 5 U.S.C. § 552a(e)(5), and therefore there is no remedy at law for any harm resulting from purported inaccuracies in the agency's records. *See Earle v. Holder*, No. 11-5280, 2012 WL 1450574 (D.C. Cir. Apr. 20, 2012) (per curiam) (affirming dismissal of "Privacy Act claim challenging the accuracy of information contained in the presentence report [as] barred by Bureau of Prisons (BOP) regulations exempting its Inmate Central Records System from section 552a(e)(5), thus preventing the court from ordering amendment of an inmate's records"); *Lane v. Bureau of Prisons*, No. 09-5228, 2010 WL 288816, at *1 (D.C. Cir. Jan. 7, 2010) (per curiam)

("[The district] court correctly held that the [BOP] has exempted the [Inmate Central Records System] from the [Privacy] Act's accuracy and amendment provisions . . . ."), *cert. denied*, 131 S. Ct. 146 (2010); *Reeves v. Fed. Bureau of Prisons*, 885 F. Supp. 2d 384, 388 (D.D.C. 2012) (dismissing claim under § 552a(e)(5) challenging accuracy of sentence computation and good conduct credit information in Inmate Central File); *Jackson v. Bureau of Prisons*, No. 08-0930, 2009 WL 3151107, at *1 (D.D.C. Sept. 24, 2009) (concluding that prisoner who "wants the 'management variable,' the 'public safety factor' and the 'greater security' information in his record amended" fails to state a Privacy Act claim because "all the records at issue are exempt from the part of the law the plaintiff asks this court to enforce").

### III. CONCLUSION

The Court concludes that plaintiff fails to state a Privacy Act claim upon which relief can be granted. Defendant's motion to dismiss will be granted. An Order accompanies this Memorandum Opinion.

DATE: August 20, 2014

ROYCE C. LAMBERTH
United States District Judge